Yen Dang
6548 Foothill Blvd
Oakland, California 94605
Plaintiff, *In Propria Persona*
(510) 759 - 3644



# UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

YEN H.DANG,

Plaintiff, *In Propria Persona*

v.

OAKLAND POLICE DEPARTMENT;
ALAMEDA COUNTY SHERIFF'S
DEPARTMENT'; RECONTRUST; BANK
OF AMERICA; BANK OF NEW YORK
MELLON, FKA THE BANK OF NEW
YORK; HADI R. SEYED-ALI ESQ.;
MILES, BAUER, BERGSTROM &
WINTERS, LLP; DANIEL WINKLER; '
DANIEL WINKLER AND ASSOCIATES;
WILBUR ROSS, JR.; CAESAR ERIC
RAILEY (sic); NATIONWIDE LEGAL,
LLC; and DOES 1 – 100,

Defendant(s)

CASE №:  **C13-4155**

COMPLAINT FOR:

FRAUD, DECEPTION,

ELDER ABUSE,

CONCEALMENT,

WRONGFUL EVICTION,

AND THEFT

[JURY TRIAL DEMANDED]

NOW COMES YEN DANG, Plaintiff, *In Propria Persona*, and for her cause(s) of action,

alleges:

I.    PARTIES

    A.    PLAINTIFF

Plaintiff, YEN H. DANG was, at all times herein mentioned, a tenant at 5714 Thornhill

Drive, Oakland, California 94611, with her husband Le Cao.

    B.    DEFENDANT

        1.    Defendant(s) ALAMEDA COUNTY SHERIFFS DEPARTMENT is and

            at all times herein mentioned was a local government entity, existing

1

under the laws of the State of CALIFORNIA with principle office at 1225
Fallon St. Oakland California, 94612.

2.  Defendant(s) OAKLAND CALIFORNIA POLICE DEPARTMENT is
and at all times herein mentioned was a local government entity, existing
under the laws of the State of CALIFORNIA with principle office at 455
7th Street, Oakland, CA 94607.

3.  Defendant BANK OF NEW YORK MELLON FKA THE BANK OF
NEW YORK is a foreign corporation with principle offices located at One
Wall Street, New York, New York 10286, doing business in the State of
California, County of Santa Clara, subject to jurisdiction of the Courts of
the State of California, and of this District.

4.  Defendant(s) HADI R. SEYED-ALI ESQ; MILES, BAUER,
BERGSTROM & WINTERS, LLP is and at all times herein mentioned, is
a firm organized and existing under the laws of the State of CALIFORNIA
with principle offices located at, 1231 East Dyer Road, Suite 100, Santa
Ana, CA 92705

5.  Defendant(s); DANIEL WINKLER; DANIEL WINKLER AND
ASSOCIATES, INC, is and at all times herein mentioned, is a company
organized and existing under the laws of the State of with principle offices
located at 535 Pierce Street, Albany, CA 94706

6.  Prior to 1983, Defendant BANK OF AMERICA CORPORATION
("BofA") exclusively did business in California and has deep roots in
California business and culture. Now a Delaware corporation, BofA is
currently a national bank with its principal place of business in Charlotte,
North Carolina and doing business in the State of California and County of
Santa Clara.

7.  Defendant RECONTRUST COMPANY, N.A. ("RECONTRUST") is a
wholly owned subsidiary of BofA that has intentionally and maliciously
concealed the true names of entities to which Plaintiff home loans were
transferred by other America's Wholesale Lenders' Defendants.
RECONTRUST is one of BofA's agents, which acts as trustee under the

2

deeds of trust securing real estate loans so as to foreclose on property
securing the real estate loans held or serviced by BofA. The foregoing is
part of a scheme by which the Defendants concealed the transferees of
loans and deeds of trust, inter alia in violation of California Civil Code §
2923.5 1and 15 U.S.C. § 1641, as more fully described herein. At all
material times hereto, Defendant RECONTRUST was and is a National
Banking Association organized under the laws of the State of California,
doing business in the State of California. Upon information and belief,
Defendant Bank of America, and the other lender defendants, have
regularly employed Defendant RECONTRUST, a national banking
association whose powers are limited to performing as a trust company
only, and regularly employ RECONTRUST, to foreclose, as trustee with
power of sale, trust deeds on California realty and realty in other states.
Such foreclosures are commonly conducted nonjudicially, and include use
of the mails, wire, and other filing of notices of default and sale as legal
process, as well as the issuance of trustee's deeds. Such foreclosures result
in the dispossession of debtors, and sometimes the assertion against them
of debts for the deficiency between amounts asserted as owed and sale
prices. Such foreclosures are without authority and illegal in some states,
such as Utah, because the laws of some states, such as Utah, limit the
power of sale to certain kinds of parties only, such as lawyers and title
companies, denying it to trust companies.

8.    Defendant WILBERT ROSS JR., is a real estate agent with a restricted
real estate license working under the broker of APR Real Estate Services
Inc., with principal office located at 12772 Saratoga Sunnyvale Rd., Suite
1000, Saratoga, California 95070, is also conducting business at 6211 La
Salle Ave., Oakland CA 94611.

9.    Defendant Caesar Eric Railey employed by Defendant NATIONWIDE
LEGAL, LLC is a service company providing service of process and is

3

headquartered in Los Angeles with multiple offices including 859
Harrison Street, Suite A, San Francisco CA 94107

## II.   JURISDICTION

This Court has original jurisdiction over the claims in this action based on 28 U.S.C. §§
1331, 1332, 1343, 2201, 2202[1], 15 U.S.C. §§ 1692, *et seq*., and 42 U.S.C. §1983, which
confer original jurisdiction on federal district courts in suits to address the deprivation of
rights secured by federal law and matters between diverse citizens that involve an amount
in controversy in excess of $75,000.00. This Court also has supplemental jurisdiction
over the pendant state law claims because they form a part of the same case or
controversy under Article III of the United States Constitution, pursuant to 28 U.S.C.
§1367.

## III.  VENUE

Venue is proper in this district pursuant to 28 U.S.C. & 1391 (b) inasmuch as the
unlawful actions herein complained of were committed in the Northern District of
California.

## IV.  FACTS

A.   The underlying facts of this case are complex, and begin with the acquisition of
real property at 5714 Thornhill Drive, in Oakland, California, by one Vu Cao[2, 3],
by means of a Note and Deed of Trust in favor of "AMERICA'S WHOLESALE
LENDER", purportedly a trademark of Countrywide Home Loans, Inc.[4]

B.   THE PRELIMINARY FACTS ("VU CAO FACTS")

---

[1] The Ninth Circuit instructs that in actions brought under 28 U.S.C. § 2201, district courts must first determine
whether there is actual controversy within its jurisdiction by analyzing the factors enumerated in Brillhart v Excess
Ins. Co., 316 U.S. 491 (1942). The Brillhart factors require the Court to (1) avoid needless determination of state
law issues; (2) discourage litigants from filing declaratory actions as a means of forum shopping; and (3) avoid
duplicative litigation. Brillhart, 316 U.S. at 495; *see also Schafer v Citimortgage* № CV 11-03919, 2011WL
2437267 (C.D. Cal. June 15, 2011). As held by the court in *Schafer*, this action does not involve needless
determination of state law issues, does not involve forum shopping, and is not duplicative litigation.
[2] Although not a party to the instant action, Vu Cao contemplates a separate federal action alleging, *inter alia*,
negligence, violation of California Business and Professions Code section 17200, et seq., violation of 15 U.S.C.
1641(g), wrongful foreclosure, and securities fraud against several of the defendants in the instant case, in respect of
property at 5714 Thornhill Drive, in Oakland, California.
[3] Vu Cao is the adult son of Plaintiff Yen Dang, and her husband Le Cao, who bought the subject property after his
father suffered a heart attack in April, 2002, a quadruple bypass surgery, and, one year subsequent thereto, a mild
stroke.
[4] Currently pending in the Central District of California is Case № 8:12-cv-00242, a trademark infringement case
regarding use of "AMERICA'S WHOLESALE LENDER".

4

1.  a "NOTICE OF DEFAULT AND ELECTION TO SELL" was recorded 07/13/2010 at 11:21 AM as record number 2010193014 in the OFFICIAL RECORDS OF ALAMEDA COUNTY, CALIFORNIA, by defendant RECONTRUST COMPANY, on behalf of defendant THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS CWABS, INC., ASSET-BACKED CERTIFICATES, SERIES 2005-4 (together with a "CALIFORNIA DECLARATION" (sic) of one Stephanie Hughett, of Fort Worth, Texas); **EXHIBIT 1**

2.  a "NOTICE OF TRUSTEE'S SALE" was recorded more than a year later, on 8/02/2011, at 12:36 PM as record number 2011222456 in the OFFICIAL RECORDS OF ALAMEDA COUNTY, CALIFORNIA, by defendant RECONTRUST COMPANY, on behalf of defendant THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS CWABS, INC., ASSET-BACKED CERTIFICATES, SERIES 2005-4 (together with the "DECLARATION OF EXEMPTION PURSUANT TO CAL. CIV. CODE 2923.54" of one Rhonda L. Weston); **EXHIBIT 2**

3.  a "TRUSTEE'S DEED UPON SALE" was recorded 09/07/2011 at 11:00 AM as record number 2011254854 in the OFFICIAL RECORDS OF ALAMEDA COUNTY, CALIFORNIA, by defendant RECONTRUST COMPANY, on behalf of defendant THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS CWABS, INC., ASSET-BACKED CERTIFICATES, SERIES 2005-4; and, **EXHIBIT 3**

4.  an unlawful detainer litigation was brought against Vu Cao, owner of record of the subject property on February 14, 2012, as "Case № RG12616935 LIMITED CIVIL", in the SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA, by defendant HADI R. SEYED-ALI, an attorney at defendant firm MILES, BAUER, BERGSTROM & WINTERS, LLP, on behalf of defendant THE BANK

5

OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS
TRUSTEE FOR THE CERTIFICATEHOLDERS CWABS, INC.,
ASSET-BACKED CERTIFICATES, SERIES 2005-4, as purported
"holder" of Vu Cao's Note and Deed of Trust. **EXHIBIT 4**

C.    THE ACTIONABLE FACTS ("DANG FACTS"):

1.    A Writ of Possession was sought in "Case № RGl2616935 LIMITED
CIVIL" by defendants on August 20, 2012 against Vu Cao and "ALL
OTHER OCCUPANTS". **EXHIBIT 5**

2.    A "REQUEST FOR·DISMISSAL" was filed concurrently with the Writ
of Possession in "Case № RGl2616935 LIMITED CIVIL", requesting that
the CLERK OF THE SUPERIOR COURT

   a.    "dismiss this action as follows" (form language);

   b.    "without prejudice" (form language with check box); and,

   c.    with box "b.(6)" checked, adding the typewritten words "DISMISS
AS TO DOES I through X ONLY". **EXHIBIT 6**

3.    Plaintiff, Yen Dang, and her husband, Le Cao, were, at the time the Writ
of Possession was executed (against Plaintiff's husband, *Le* Cao, rather
than V̲u̲ Cao) on December 6, 2012, tenants of Vu Cao. As *tenants*, Yen
Dang and LE Cao were among "DOES I through X" in respect of whom
the "REQUEST FOR·DISM ISSAL" controlled.

4.    Defendant RECONTRUST COMPANY, purportedly as "trustee" under
Deed of Trust, acting on behalf of defendant THE BANK OF NEW
YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE
FOR THE CERTIFICATEHOLDERS CWABS, INC., ASSET-BACKED
CERTIFICATES, SERIES 2005-4, failed to provide Plaintiff, Yen Dang,
and her husband, Le Cao, *tenants of Vu Cao*, the Pre-Foreclosure Sale
Notice to Tenants required by Cal. Civ. Code §§ 2924.8, 2924b(c)(2)(D),
to wit:

> In California, a trustee (under a Deed of Trust, such as defendant
> RECONTRUST COMPANY purports to be) is required to post
> and mail a notice of trustee's sale at least 20 days before the

6

foreclosure sale. **The pre-foreclosure notice informs *tenants* that they must receive 60 days' notice if the post-foreclosure owner wants to evict them after foreclosure, and that other laws may prohibit eviction or give longer notice before eviction.**

5.  Defendant RECONTRUST COMPANY, purportedly as "trustee" under Deed of Trust, acting on behalf of defendant THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS CWABS, INC., ASSET-BACKED CERTIFICATES, SERIES 2005-4, further failed to provide Plaintiff, Yen Dang, and her husband, Le Cao, *tenants of Vu Cao*, the notice by mail required by Cal. Civ. Code §§ 2924.8, 2924b(c)(2)(D), to wit:

> "Upon posting a notice of sale pursuant to Section 2924f, a trustee or authorized agent shall also post the following notice, in the manner required for posting the notice of sale on the property to be sold, and a mortgagee, trustee, beneficiary, or authorized agent, concurrently with the mailing of the notice of sale pursuant to Section 2924b, shall send by first-class mail in an envelope addressed to the "Resident of property subject to foreclosure sale" the following notice in English and the languages described in Section 1632:
>
>> 'Foreclosure process has begun on this property, which may affect your right to continue to live in this property. Twenty days or more after the date of this notice, this property may be sold at foreclosure. If you are renting this property, the new property owner may either give you a new lease or rental agreement or provide you with a 90-day eviction notice. You may have a right to stay in your home for longer than 90 days. If you have a fixed-term lease, the new owner must honor the lease unless the new owner will occupy the property as a primary residence or in other limited circumstances. Also, in some cases and in some cities with a "just cause for eviction" law, you may not have to move at all. All rights and obligations under your lease or tenancy, including your obligation to pay rent, will continue after the foreclosure sale. You may wish to contact a lawyer or your local legal aid office or housing counseling agency to discuss any rights you may have.'"

6.     The City of Oakland's lengthy *Just Cause for Eviction Ordinance*[5]
       prohibits eviction "unless the landlord is able to prove the existence of"
       specified grounds, none of which are, or were, applicable to Plaintiff Yen
       Dang and her husband, Le Cao. Also inapplicable are defendant THE
       BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK,
       AS TRUSTEE FOR THE CERTIFICATEHOLDERS CWABS, INC.,
       ASSET-BACKED CERTIFICATES, SERIES 2005-4's good faith, honest
       intent, to occupy 5714 Thornhill:

> "...as [its] principal residence (sic), having previously done so, and
> having preserved the right to do so again in writing; or
>
>> "as [its], or [its] spouse's, domestic partner's, child's, parent's,
>> or grandparent's principal residence (sic) (with further
>> conditions imposed thereupon)";

and, defendant THE BANK OF NEW YORK MELLON FKA THE
BANK OF NEW YORK, AS TRUSTEE FOR THE
CERTIFICATEHOLDERS CWABS, INC., ASSET-BACKED
CERTIFICATES, SERIES 2005-4 "may not recover possession of a unit
from a tenant under Subsection 6(A)(9) [8.22.360 A.9], if the landlord has
or receives notice, any time before recovery of possession, that any tenant
in the rental unit:

> "i. Has been residing in the unit for five (5) years or more; and
>
>> "(a) Is sixty (60) years of age or older; or
>> "(b) Is a disabled tenant as defined in the California Fair
>> Employment and Housing Act (California Government Code §
>> 12926); or
>
> "ii. Has been residing in the unit for five (5) years or more, and is a
> catastrophically ill tenant, defined as a person who is disabled as
> defined by Subsection (e)(i)(b) [8.22.360 A.9.e.i.b] and who suffers
> from a life threatening illness as certified by his or her primary care
> physician."

---

[5] 8.22.360 Good Cause Required for Eviction.

7. In respect of the facts set forth in ¶ C.4., above:

    a. As demonstrated upon the face of the "Proof of Service of Summons" in "Case № RGl2616935 LIMITED CIVIL", executed by defendant "CAESAR ERIC RAILEY" (sic), employed by defendant NATIONWIDE LEGAL, LLC, defendant RECONTRUST COMPANY, purportedly acting as trustee for defendant THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS CWABS, INC., ASSET-BACKED CERTIFICATES, SERIES 2005-4), **failed to provide Plaintiff, Yen Dang, and her husband, Le Cao, the "prejudgment claim of right to possession" required by Cal. Civ. Code § 415.46 to be served "upon a tenant and subtenant, if any…"**.

    b. As a matter of record in the SUPERIOR COURT, the "prejudgment claim of right to possession" required by Cal. Civ. Code § 415.46 to be served "upon a tenant and subtenant, if any…" was served by defendant CAESAR ERIC RAILEY upon Thornhill owner of record Vu Cao ONLY, and was never served upon Plaintiff tenants Yen Dang, or her husband, Le Cao.

Further,

8. In respect of the facts set forth in ¶ C.5., above,

    a. The allegations made in "Case № RGl2616935 LIMITED CIVIL" demonstrate that defendants HADI R. SEYED-ALI and MILES, BAUER, BERGSTROM & WINTERS, LLP, as counsel to defendant THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS CWABS, INC., ASSET-BACKED CERTIFICATES, SERIES 2005-4, and every other defendant, **failed to provide "by first-class mail in an envelope addressed to the 'Resident of property subject to foreclosure sale' the … notice in English and the languages described in Section 1632"**

9

to Plaintiff Yen Dang, or her husband, *as tenants of 5714 Thornhill*.

9. In respect of the facts set forth in ¶ C.6., above,

No allegation was made which would survive the prohibition(s) in City of Oakland's *Just Cause for Eviction Ordinance*.

10. Plaintiff Yen Dang and her husband Le Cao, *tenants of 5714 Thornhill*, were wrongfully and illegally evicted

a. as a proximate result of the failure of defendant "CAESAR ERIC RAILEY" (sic), employed by defendant NATIONWIDE LEGAL, LLC, defendants HADI R. SEYED-ALI and MILES, BAUER, BERGSTROM & WINTERS, LLP, on behalf of defendant THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS CWABS, INC., ASSET-BACKED CERTIFICATES, SERIES 2005-4, acting in concert; and,

b. as a direct result of defendant ALAMEDA COUNTY SHERIFF'S DEPARTMENT'S executing an eviction on the tenants Yen Dang and Le Cao, yet possessing no instrument by which they could evict tenants legally.

11. This wanton and blatant disregard for the California Statutory Requirements governing lawful eviction caused irreparable emotional and physical damage to the plaintiffs husband Le Cao, to wit:
Le Cao was diagnosed by Emory Fong, MD, of Kaiser Permanente Hospital at Oakland Medical Center

a. with "an Acute Altered Mental Status";

b. becomes anxious and tremulous;

c. experiences confusion, forgetfulness of names and family members; and now

d. hears voices;

requiring care and assistance from his wife Yen Deng and further psychiatric follow-up.

12. Defendant ALAMEDA COUNTY SHERIFF'S DEPARTMENT, acting in concert with RECONTRUST COMPANY, for the mutual benefit of itself and defendant THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS CWABS, INC., ASSET-BACKED CERTIFICATES, SERIES 2005-4, violated California Civil Code § 1709 by willfully deceiving Le Cao "with intent to induce him to alter his position to his injury or risk", to wit:

D. ALLEGATIONS: FRAUD, DECEPTION, ELDER ABUSE, CONCEALMENT, WRONGFUL EVICTION, AND THEFT

1. Upon information and belief, the acts described in ¶ IV.B.1-4, *inclusive*, and ¶ IV.C.1, were predicated upon fraud, and deception, in violation of California Civil Code §§ 1710[6], and 1572[7], to wit:

a. as demonstrated in Case № 0:10-cv-01465-JFA, (D.C.S.C.) and Case № 12-CIV-0361-RJC (D.D.C.), settled by Consent Judgment between The United States and certain of the defendants herein (see: 12-CIV-0361-RJC (D.D.C.), Docket Item 11, attached as **Exhibit 7**, including, *inter alia*, Exhibits A and G thereto), said certain defendants

    i. "violated, among other laws, the Unfair and Deceptive Acts and Practices laws of the Plaintiff States, the False Claims Act, the Financial Institutions Reform, Recovery, and Enforcement Act of 1989, the Servicemembers Civil Relief Act, and the Bankruptcy Code and Federal Rules of Bankruptcy Procedure";

    ii. are bound by provisions of Exhibit A to Docket Item 11, in 12-CIV-0361-RJC (D.D.C.), attached as **Exhibit 7**, including, *inter alia*, Part I, subpart A, "Standards for

---

[6] Under California Civil Code § 1710, it is "deceit" to do any one or more of the following: (1) the suggestion, as a fact, of that which is not true, by one whom does not believe it to be true; (2) the assertion, as a fact, of that which is not true, by one who has no reasonable ground for believing it to be true; (3) the suppression of a fact, by one who is bound to disclose it, or who gives information of other facts, which are likely to mislead for want of communication of that fact; or (4) a promise, made without any intention of performing it.

[7] Under California Civil Code § 1572, the party to a contract further engages in fraud by committing "any other act fitted to deceive."

11

Documents Used in Foreclosure and Bankruptcy Proceedings";

iii. are bound by provisions of Exhibit G to Docket Item 11, in 12-CIV-0361-RJC (D.D.C.), attached as **Exhibit 7**, including, *inter alia*, Parts I "Covered Conduct" and IV, "Claims and Other Actions Exempted from Release"; and

b. Plaintiff Yen Dang requests the United States District Court for the Northern District of California take judicial notice, pursuant to Fedx.R.Evid. 201(c)(2), of Case № 0:10-cv-01465-JFA, (D.C. S. C.) and Case № 12-CIV-0361-RJC (D.D.C.), and of Exhibits to the latter, including, *inter alia*, Exhibits A and G thereto.

2. As demonstrated by review of the United States Securities and Exchange Commission's EDGAR® database,

a. defendant The Bank of New York, as (original) trustee[8], and The Bank of New York Trust Company, N.A., as co-trustee of alleged "current beneficiary CWABS, INC., ASSET-BACKED CERTIFICATES, SERIES 2005-4", failed to acquire possession — from defendant BANK OF AMERICA, and/or its predecessor/assignor COUNTRYWIDE, *aka* AMERICA'S WHOLESALE LENDER — of mortgagee Vu Cao's complete mortgage file for "Loan №: 100087645" by the trust's June 23, 2005 "Closing Date"; and

b. lacked standing to foreclose upon mortgagee Vu Cao; or,

c. to cause the eviction of Vu Cao's tenants, Plaintiff Yen Dang and her husband Le Cao.

3. Upon information and belief, the acts described in ¶ IV.C.2-12 demonstrate elder abuse, concealment, and wrongful eviction, under California Penal Code § 368[9], to wit:

---

[8] Now identified as "The Bank of New York Mellon".

[9] Under California Penal Code § 368, Elder Abuse, California's elder abuse statute, "elder abuse" can be any of the following. directed at anyone who is sixty-five (65) years of age or older: physical abuse (infliction of unjustifiable pain or injury on a senior victim), emotional abuse (sometimes seen in the form of mental suffering through isolation

a. Defendant HADI R. SEYED-ALI, acting for defendant firm MILES, BAUER, BERGSTROM & WINTERS, LLP, on behalf of defendant THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS CWABS, INC., ASSET-BACKED CERTIFICATES, SERIES 2005-4, knowingly requested, and received, dismissal of the complaint against tenants Yen Dang and her husband, Le Cao (as specified in ¶ IV.C.2 and 3).

b. Defendants HADI R. SEYED-ALI, MILES, BAUER, BERGSTROM & WINTERS, LLP, and THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS CWABS, INC., ASSET-BACKED CERTIFICATES, SERIES 2005-4, collectively and with willful intent, failed to provide Plaintiff, Yen Dang, and her husband, Le Cao, *tenants of Vu Cao*, the Pre-Foreclosure Sale Notice to Tenants required by Cal. Civ. Code §§ 2924.8, 2924b(c)(2)(D).

c. Defendants HADI R. SEYED-ALI, MILES, BAUER, BERGSTROM & WINTERS, LLP, and THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS CWABS, INC., ASSET-BACKED CERTIFICATES, SERIES 2005-4, collectively and with willful intent, further failed to provide "the following notice in English and the languages described in Section 1632".

d. Defendants HADI R. SEYED-ALI, MILES, BAUER, BERGSTROM & WINTERS, LLP, and THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS CWABS, INC.,

or ridicule), neglect and endangerment (willfully placing the elder or dependent adult in a situation where his/her health or safety is endangered).

13

ASSET-BACKED CERTIFICATES, SERIES 2005-4,

collectively, sought said dismissal with full knowledge:

i.     that Yen Dang and her husband Le Cao were tenants; and,

ii.     that Le Cao was

    1).     sixty (60) years of age or older, as specified in City of Oakland's lengthy *Just Cause for Eviction Ordinance*, at 8.22.360 A.9.e.i.a;

    2).     a disabled tenant as defined in the California Fair Employment and Housing Act (California Government Code § 12926) , as specified in City of Oakland's lengthy *Just Cause for Eviction Ordinance*, at 8.22.360 A.9.e.i.b; and had been,

    3).     residing in the unit for five (5) years or more, as a catastrophically ill tenant, defined as a person who is disabled as defined by Subsection (e)(i)(b) [8.22.360 A.9.e.i.b] and who suffered from a life threatening illness as certified by his or her primary care physician".

a.     Defendants HADI R. SEYED-ALI, MILES, BAUER, BERGSTROM & WINTERS, LLP, and THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS CWABS, INC., ASSET-BACKED CERTIFICATES, SERIES 2005-4, collectively, misled defendant ALAMEDA COUNTY SHERIFF'S DEPARTMENT by falsely inferring that all legal requirements for eviction had been met.

b.     Defendant ALAMEDA COUNTY SHERIFF'S DEPARTMENT, provided with the facts described in ¶ IV,C., inclusive, and with full knowledge thereof, wrongfully executed an eviction against Plaintiff tenant Yen Dang and her husband Le Cao.

14

c. On or about January 4, 2013, Plaintiff Yen Dang resumed her *tenancy* on the basis that, as *tenants*, Yen Dang and LE Cao were among "DOES I through X" in respect of whom defendants HADI R. SEYED-ALI, MILES, BAUER, BERGSTROM & WINTERS, LLP, and THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS CWABS, INC., ASSET-BACKED CERTIFICATES, SERIES 2005-4, had filed "REQUEST FOR·DISM ISSAL"; which Plaintiff Yen Dang faxed to HADI R. SEYED-ALI, MILES, BAUER, BERGSTROM & WINTERS, LLP, and THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS CWABS, INC., ASSET-BACKED CERTIFICATES, SERIES 2005-4, ALAMEDA COUNTY SHERIFF'S DEPARTMENT, and defendant WILBERT ROSS JR.

d. On or about February 1, 2012, while Plaintiff Yen Dang and her husband Le Cao were at church, persons unknown but believed to be DOES 1-100, employees/contractors acting in concert with defendants RECONTRUST; BANK OF AMERICA; BANK OF NEW YORK MELLON, FKA THE BANK OF NEW YORK; HADI R. SEYED-ALI ESQ.; MILES, BAUER, BERGSTROM & WINTERS, LLP; DANIEL WINKLER; DANIEL WINKLER AND ASSOCIATES; WILBUR ROSS, JR., broke into 5714 Thornhill around 8:30 AM. Plaintiff Yen Dang filed a report with defendant OAKLAND POLICE DEPARTMENT.

e. On or about February 6, 2012 a group of 5 men and 1 woman appeared at 5714 Thornhill with a big truck (license # 7K06281), allegedly acting upon an order of BANK OF NEW YORK

MELLON, FKA THE BANK OF NEW YORK try to go move the
furniture in the house.

f.     On or about March 11, 2012 at 8:30 PM defendant Wilbert Ross
       appeared at 5714 Thornhill with 2 policemen, accusing Plaintiff
       Yen Dang and her husband Le Cao od trespassing, and demanding
       Plaintiff Yen Dang and her husband Le Cao leave the house
       immediately. Plaintiff Yen Dang and her husband Le Cao refused
       and were advised they had 2 days to move out

g.     On or about March 12, 2012, at 11:30PM, two police cars of
       defendant OAKLAND POLICE DEPARTMENT appeared at 5714
       Thornhill pushing Plaintiff Yen Dang and her husband Le Cao to
       move out, and to involuntarily abandon possessions, including:
       1)     coins and currency in the amount of four hundred sixty
              ($460.00) dollars;
       2)     items of jewelry valued at twenty thousand ($20,000.00)
              dollars; and,
       3)     a cellular phone (iPhone) valued at two hundred fifty
              ($250.00) dollars.

h.     Plaintiff called Wilbert Ross about this issue but he said the bank
       take care of it.

i.     Upon information and belief, defendants DOES 1-100,
       employees/contractors acting in concert with defendants
       RECONTRUST; BANK OF AMERICA; BANK OF NEW YORK
       MELLON, FKA THE BANK OF NEW YORK; HADI R.
       SEYED-ALI ESQ.; MILES, BAUER, BERGSTROM &
       WINTERS, LLP; DANIEL WINKLER; ' DANIEL WINKLER

16

AND ASSOCIATES; WILBUR ROSS, JR., committed and/or
caused the theft of the items described in paragraphs IV.D.2.g.

VI.   FIRST CAUSE OF ACTION: FRAUD

A.     Plaintiff re-alleges and incorporates paragraphs I through V, inclusive, as if fully
set forth herein.

    1.   Defendants made representation to the Plaintiffs that they were in
         possession of the necessary and required instruments to perform an
         eviction.

    2.   At the time Defendants knew that they were not in the possession of said
         correct instrument.

    3.   Plaintiff relied on the representation that Defendant had the necessary
         and/or required instruments to foreclose.

    4.   As a result of the misrepresentation(s) of Defendants, Plaintiff suffered
         and continues to suffer damages.

**WHEREFORE,** Plaintiff prays for judgment against Defendants for compensatory and punitive
damages for fraud in the amount of no less than One Million Dollars ($1,000,000.00).

ELDER ABUSE, CONCEALMENT, AND WRONGFUL EVICTION

VII.   SECOND CAUSE OF ACTION: DECEPTION

A.     Plaintiff re-alleges and incorporates paragraphs I through VI, inclusive, as if fully
set forth herein.

    1.   The Defendants engaged in deceit in misrepresenting to Plaintiff Yen
         Dang and her husband Le Cao that they were in lawful possession of the
         Deed of Trust or note to for the purpose of enforcing an unlawful eviction.

    2.   Defendants failed to properly provide Plaintiff Yen Dang and her husband
         Le Cao, tenants, with legally-required notices in respect of said eviction,
         making same unlawful.

WHEREFORE, Plaintiffs would seek of this court a reversal of said eviction and any other
remedy deemed appropriate.

VIII.   THIRD CAUSE OF ACTION: ELDER ABUSE

A.   Plaintiff re-alleges and incorporates paragraphs I through VII, inclusive, as if fully set forth herein.

  1.   Defendants directed, against Plaintiff Yen Dang's husband Le Cao, who is sixty-five (65) years of age or older:

    a.   physical abuse (infliction of unjustifiable pain or injury on a senior victim);

    b.   emotional abuse;

    c.   neglect and endangerment, by willfully placing Plaintiff Yen Dang's husband Le Cao in a situation where his/her health or safety was endangered);

  resulting in damage to Le Cao's health and stable state of mind which led to hospitalization, in violation of California Penal Code § 368.

WHEREFORE, Plaintiffs would seek compensatory damages for medical and related costs, in an amount to be determined by the Court; and, punitive damages, to deter such egregious acts in the future.

IX.   FOURTH CAUSE OF ACTION: THEFT

A.   Plaintiff re-alleges and incorporates paragraphs I through VIII, inclusive, as if fully set forth herein.

  1.   Defendants, in concert, committed, or caused to be committed, against Plaintiff Yen Dang and her husband Le Cao, the theft of:

    a)   coins and currency in the amount of four hundred sixty ($460.00) dollars;

    b)   items of jewelry valued at twenty thousand ($20,000.00) dollars; and,

    c)   a cellular phone (iPhone) valued at two hundred fifty ($250.00) dollars.

WHEREFORE, Plaintiffs would seek compensatory damages in the amount of twenty-seven thousand, ten ($27,010.00) dollars; and, punitive damages, to deter such egregious acts in the future.

X.   FIFTH CAUSE OF ACTION: WRONGFUL EVICTION

A. Plaintiff re-alleges and incorporates paragraphs I through ix, inclusive, as if fully set forth herein.

 1. Defendants, in concert, failed to comply with California state law, and City of Oakland ordinance in fraudulently evicting *tenants*, Plaintiff Yen Dang and her husband Le Cao, from 5714 Thornhill.

WHEREFORE, Plaintiffs would seek of this court a reversal of said eviction and any other remedy deemed appropriate.

Dated this __6__ day of September, 2013

Yen Dang, Plaintiff, *In Propria Persona*

19